UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
*   MAY 17, 2024   *
BROOKLYN OFFICE

JED LEMEN, Individually and On Behalf of
All Others Similarly Situated,

        Plaintiff,

        v.

REDWIRE CORPORATION f/k/a GENESIS
PARK ACQUISITION CORP., PETER
CANNITO, and WILLIAM READ,

        Defendants.

Case No. 3:21-cv-01254-TJC-PDB (M.D. Fla.)

<u>CLASS ACTION</u>

_24_-MC-_2000_

Judge Eric N. Vitaliano

## MEMORANDUM OF LAW IN SUPPORT OF NON-PARTY PRICEWATERHOUSECOOPERS LLP'S <u>MOTION TO QUASH AND FOR PROTECTIVE ORDER</u>

FOLEY HOAG LLP
Lisa C. Wood
1301 Avenue of the Americas, 25th Floor
New York, NY 10019
Tel: 646-927-5500
Fax: 646-927-5599
lwood@foleyhoag.com

*Attorneys for Non-Party PricewaterhouseCoopers LLP*

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................ 1

RELEVANT FACTS .............................................................................................. 2

    I.      PwC's Audit of Redwire and Non-Party Document Production. ..........................2

    II.     Privilege Disputes Pending in the Class Action. ....................................................3

    III.   Lead Plaintiff's Deposition Subpoena to PwC. ....................................................4

ARGUMENT ........................................................................................................ 7

    I.      Rule 45 Requires that the Court Quash or Modify the Subpoena...........................7

          A.     PwC's Motion to Quash is Timely.................................................................8

          B.     The Court Should Quash or Modify the Subpoena Because it Requires Disclosure of Privileged Matter and Imposes an Undue Burden on Non-Party PwC. ...............................................................................................9

    II.     The Court Should Enter a Protective Order Postponing Any Deposition of PwC Until the Pending Privilege and Work Product Disputes Are Resolved.......12

CONCLUSION................................................................................................... 14

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Andrews Kurth Kenyon LLP 1350 I St., NW, Suite 1100 Wash., DC 2005 Non-Party Movant PHIGENIX, Inc. v. Genentech, Inc. (In re Subpoena to Ping Wang)*,
214 F. Supp. 3d 91 (D.D.C. 2016) .......................................................................13, 14

*Bernstein v. Cengage Learning, Inc.*,
No. 19-cv-7541-ALC-SLC, 2022 U.S. Dist. LEXIS 242989 (S.D.N.Y. Sep. 8, 2022) .................................................................................................................................11

*Brennan v. Mylan Inc.*,
No. 6:22-mc-06015, 2023 U.S. Dist. LEXIS 40809 (W.D.N.Y. Mar. 10, 2023) .....................8

*Breuder v. Bd. of Trs. of Cmty. Coll. Dist. No. 502*,
No. 15 CV 9323, 2021 U.S. Dist. LEXIS 179680 (N.D. Ill. Sep. 21, 2021) ...........................10

*In re DMCA Section 512(h) Subpoena to YouTube (Google, Inc.)*,
581 F. Supp. 3d 509 (S.D.N.Y. 2022)...........................................................................9

*Fears v. Wilhelmina Model Agency, Inc.*,
2004 U.S. Dist. LEXIS 5575 (S.D.N.Y. Mar. 29, 2004) ......................................................8, 14

*Gutter v. E.I. DuPont de Nemours & Co.*,
No. 95-2152-CIV-GOLD, 1998 U.S. Dist. LEXIS 23207 (S.D. Fla. May 15, 1998) .................................................................................................................................10

*Hillary v. Potsdam*,
No. 8:17-CV-659, 2020 U.S. Dist. LEXIS 231792 (N.D.N.Y. Nov. 2, 2020) .....................8, 9

*Lemen v. Redwire Corp. et al.*,
No. 3:21-cv-1254-TJC-PDB .......................................................................................3, 4

*Merrill Lynch & Co. v. Allegheny Energy, Inc.*,
229 F.R.D. 441 (S.D.N.Y. 2004) .................................................................................10

*MG Freesites LTD v. Scorpcast, LLC*,
2023 U.S. Dist. LEXIS 61854 (S.D.N.Y. Apr. 7, 2023)...........................................................11

*United States v. Deloitte LLP*,
610 F.3d 129 (D.C. Cir. 2010).......................................................................................10

**Statutes**

Fed. R. Civ. P. 26 ...................................................................................................3, 7, 12

Fed. R. Civ. P. 45 .......................................................................................................1, 8, 9

## PRELIMINARY STATEMENT

Pursuant to Rules 45(d) and 26(c) of the Federal Rules of Civil Procedure, and Rule 6.1 of the Local Rules of the U.S. District Courts for the Southern and Eastern Districts of New York, PricewaterhouseCoopers LLP ("PwC") submits this memorandum of law in support of its motion to quash and for a protective order regarding a deposition subpoena Lead Plaintiff Jed Lemen ("Lead Plaintiff") served on PwC (the "Subpoena"). The Subpoena was issued in a securities class action pending in the U.S. District Court for the Middle District of Florida against Redwire Corporation ("Redwire") – a former audit client of PwC – and certain Redwire executives (the "Class Action"). PwC is not a party in the Class Action. PwC seeks relief in this Court because the Subpoena demanded compliance (i.e., a deposition) in Brooklyn. *See* Fed. R. Civ. P. 45(d)(3)(A).

PwC does not seek to avoid the deposition, but instead only to defer the deposition until certain pending privilege disputes between the parties are resolved in the Class Action. As explained further in this Memorandum, a review of the Class Action docket makes plain that substantial disputes have arisen regarding whether documents withheld by PwC and Redwire are covered by Redwire's work product protection or attorney-client privilege. Some of these disputes are fully briefed, argued, and awaiting resolution by a written decision of the Magistrate handling discovery disputes in the case. Other disputes are in the process of being briefed and have not yet been argued at a hearing. At least as of the filing of this Memorandum, none of the pending motions has been resolved by an order or decision of the Magistrate in Florida.

Despite the pendency of these various disputes, Lead Plaintiff seeks to depose PwC on topics that go to the heart of these privilege and work product disputes, and has rejected PwC's request to defer the deposition until these disputes are resolved by the Court even though fact

discovery is open in the case until early August 2024.  The Magistrate's rulings on the pending

motions will bring clarity and establish guideposts for the PwC deposition.  Proceeding with the

PwC deposition without those guideposts would lead to an unproductive deposition riddled with

privilege objections.  Even worse, once those privilege issues are resolved, Lead Plaintiff would

likely seek to depose PwC *again* based on the newly defined work product and privilege contours,

thereby imposing an undue burden on PwC.

For those reasons, and as set forth below, this Court should quash or modify the Subpoena

and should enter a protective order postponing the PwC deposition until these issues are resolved

by the Middle District of Florida.

## RELEVANT FACTS

**I.**      **PwC's Audit of Redwire and Non-Party Document Production.**

PwC is an accounting firm headquartered in New York City.  In early 2022, PwC audited

Redwire's financial statements for Redwire's 2021 fiscal year.  As part of that audit, PwC

performed audit procedures regarding an internal investigation that Redwire's Audit Committee

had conducted with the support of outside counsel and a forensic accounting firm in response to a

whistleblower complaint, and documented those procedures in its audit workpapers.

On September 5, 2023, Lead Plaintiff served on PwC a subpoena dated September 1, 2023,

requesting 23 categories of documents going back nearly four years.  PwC objected to that

subpoena on various grounds and, at the request of Redwire, withheld from production certain

documents over which Redwire asserted work product protection and/or privilege.[1]  But PwC did

---

[1] Accounting firms, such as PwC, at times maintain documents that are – or contain information
that is – protected by the audit client's work product protection and/or other privileges from
disclosure. When a party to a litigation seeks those documents from the accounting firm, the client,

produce other documents to Lead Plaintiff.  One of those documents was a memorandum regarding PwC's audit procedures covering Redwire's Audit Committee's internal investigation (the "PwC Memorandum").    Redwire, however, subsequently asserted that the PwC Memorandum was covered by Redwire's work product protection and clawed back that memorandum.

## II.    Privilege Disputes Pending in the Class Action.

The PwC Memorandum and its contents are now the subject of three privilege disputes.[2] On February 12, 2024, Lead Plaintiff filed a motion for a Rule 26(b)(5)(B) determination that the PwC Memorandum is not subject to work product protection (the "Work Product Motion").  *See* ECF No. 91, *Lemen v. Redwire Corp. et al.*, No. 3:21-cv-1254-TJC-PDB.  The parties briefed that motion, and the Middle District of Florida heard oral argument on the motion on March 27, 2024 but has not yet issued a decision.[3]

On April 24, 2024, Lead Plaintiff filed a motion to compel Redwire and its co-defendants to produce document-by-document privilege logs regarding documents withheld from both defendants' and PwC's earlier document productions (the "Privilege Log Motion").  *See* ECF No. 133, *Lemen v. Redwire Corp. et al.*, No. 3:21-cv-1254-TJC-PDB.  One of these requested document-by-document logs would replace a "categorical privilege log" defendants previously

---

as the holder of these privileges, instructs the accounting firm which documents must be withheld on privilege grounds.

[2] Other privilege disputes have arisen in the Redwire litigation, but the three described herein bear most directly on the Subpoena to PwC.

[3] Toward the end of that March 27, 2024 hearing, the court asked counsel for Lead Plaintiff if he needed a decision on the Work Product Motion by a particular date.  *See* Declaration of Lisa C. Wood ("Wood Decl.") ¶ 9, Exhibit F at 122:17-18.  Counsel for Lead Plaintiff said he did not.  *Id.* at 122:19-20.  Answering further, counsel for Lead Plaintiff told the court, "I'm not taking a deposition where I'm going to be putting [the PwC Memorandum] in front of -- a document in front of someone right now."  *Id.* at 123:1-3.

provided regarding documents withheld at their instruction from PwC's production. That log reflects 157 PwC documents over which Redwire has asserted work product protection (142 documents) and other privileges (15 documents).

On May 13, 2024, Lead Plaintiff filed a motion to compel Redwire and its co-defendants to produce documents over which they have asserted privilege claims (the "Documents Motion"). *See* ECF No. 146, *Lemen v. Redwire Corp. et al.*, No. 3:21-cv-1254-TJC-PDB. Specifically, Lead Plaintiff seeks to compel disclosure of documents related to the internal investigation by Redwire's Audit Committee, including documents in the possession of Redwire's outside counsel and forensic accounting firm. *Id.* at 14. These documents are subject to claims of attorney-client privilege, opinion work product, and fact work product by the defendants. Yet Lead Plaintiff – based on various contentions of waiver and substantial need – nevertheless seeks to compel their disclosure.

## III.   Lead Plaintiff's Deposition Subpoena to PwC.

On March 26, 2024, Lead Plaintiff served PwC with a Rule 30(b)(6) deposition subpoena in connection with its pending litigation with Redwire. *See* Wood Decl. ¶ 4, Exhibit A. The Subpoena lists 16 topics about which Lead Plaintiff expects PwC to testify through its 30(b)(6) designee. Nearly all the topics relate to PwC's consideration, as Redwire's auditor, of Redwire's Audit Committee investigation into the November 2021 whistleblower complaint. In preparing for and testifying at the deposition, PwC's designee would necessarily have to rely on documents or communications over which Redwire has asserted work product protection. For example:

- Topic 9 seeks testimony regarding "PwC's engagement or role in the Audit Committee investigation of the November 2021 whistleblower complaint received by Redwire," which is subject matter contained in the PwC Memorandum that Redwire clawed back from

production and that is at the center of the privilege disputes between the parties to the Class Action.

- Topic 10 covers "[t]he findings and results of PwC's 'review of the investigation performed by [King & Spalding] at the direction of the Audit Committee,'" quoting from the PwC Memorandum.

- Topic 13 covers "[a]ll facts gathered and/or considered during PwC's 'review' of the Audit Committee investigation."

Other topics, while not specifically referencing the PwC Memorandum, seek testimony on matters that are discussed in the PwC Memorandum. *See, e.g.*, Subpoena Topic 3 ("The findings, and results from PwC's audit of Redwire relating to audit risks, misstatements, control deficiencies, internal controls over financial reporting, material audit adjustments, remediation needs and efforts, 'tone at the top,' or the performance of Defendant Read, Defendant Cannito, or other senior executives ('the Subject Matter')."). Of the 16 topics listed in the Subpoena, Redwire has objected to 13 of them on the basis of attorney-client privilege and/or attorney work product. *See* Wood Decl. ¶ 5, Exhibit B.

While Lead Plaintiff has been willing to schedule the deposition at PwC's convenience, Lead Plaintiff will not agree to postpone the deposition until the privilege issues are resolved. The Subpoena is dated March 25, 2024 and originally called for non-party PwC to provide deposition testimony on April 16, 2024, though counsel for Lead Plaintiff never intended that the PwC deposition would occur on April 16, 2024. *See* Wood Decl. ¶ 4, Exhibit A (stating that Lead Plaintiff "requests to take the deposition of PricewaterhouseCoopers LLP ('PwC') on a date to be agreed upon by the Lead Plaintiff and PwC"); *id.* ¶ 6, Exhibit C (April 11, 2024 email in which Lead Plaintiff's counsel acknowledged that "[t]he date was meant to be a place holder" and that

"[w]e can work on scheduling that is convenient for all"). In the most recent communications between counsel, Lead Plaintiff proposed that the deposition take place in June. *See* Wood Decl. ¶ 7, <u>Exhibit D</u> (May 3, 2024 email in which Lead Plaintiff's counsel requested that counsel for PwC "provide the name of the witness and a date for the deposition the week of June 24, 2024").

Counsel for PwC tried twice to reach an agreement with counsel for Lead Plaintiff whereby the PwC deposition would proceed after resolution of the pending work product and privilege disputes. Those efforts were unsuccessful.

First, on April 10, 2024, counsel for PwC wrote to counsel for Lead Plaintiff about setting a date for the deposition. *See* Wood Decl. ¶ 6, <u>Exhibit C</u>. Counsel for PwC noted that "there are privilege issues in dispute currently before the court that impact several of the noticed topics as well as the scope of PwC's past document production in this case" and that "[i]t therefore makes good sense to put off scheduling the deposition until the court resolves those issues." *Id.* Counsel for Lead Plaintiff responded on April 11, 2024, insisting that the PwC deposition occur notwithstanding the work product dispute between the parties to the litigation. *Id.* Counsel for Lead Plaintiff wrote again on April 16, 2024, pressing for written objections to the Subpoena and to proceed with scheduling the PwC deposition. *Id.*

The second outreach by counsel for PwC was on May 3, 2024, when counsel for PwC sent a letter to counsel for Lead Plaintiff regarding the Subpoena. *See* Wood Decl. ¶ 8, <u>Exhibit E</u>. In that letter, which followed Redwire's written objections to the Subpoena, counsel for PwC stated that "PwC is willing to designate a witness to testify regarding the topics set forth in the Subpoena" but "it would be premature to schedule the deposition until the court has resolved the issues regarding work product protection that are currently in dispute between the parties in the

litigation." *Id.*[4]  Counsel for PwC pointed to the fact that Redwire had objected to 13 of the 16 topics in the Subpoena on privilege grounds, and that a decision from the court on these issues would bring clarity to the PwC deposition.  *Id.* at 1.  Proceeding with the deposition prior to such a decision, on the other hand, would inevitably lead to privilege issues arising during the deposition and would likely result in PwC having to later sit for a second deposition.  *Id.* at 2.  Counsel for PwC also highlighted reasons that it would benefit everyone involved to await resolution of the work product issues by the court.  *Id.*  Counsel for Lead Plaintiff responded with an email disagreeing that the deposition should await resolution of the pending work product dispute.  *See* Wood Decl. ¶ 7, Exhibit D.

## ARGUMENT

**I.    Rule 45 Requires that the Court Quash or Modify the Subpoena**.

Lead Plaintiff has failed in his duty to take reasonable steps to avoid imposing an undue burden on PwC by seeking to press forward with a non-party deposition that will be fraught with unresolved issues of privilege and work product.  If he takes that deposition before these issues are resolved, Lead Plaintiff's counsel will encounter privilege and work product objections at every turn and, following the resolution of those issues by the court, will likely seek to depose PwC once again.  That would be wasteful, impractical, and would impose an undue burden on PwC. This Court, based on the mandate of Rule 45, must therefore quash or modify the Subpoena. Moreover, as discussed below, courts have granted protective orders under Rule 26 for very similar reasons.  *See infra* Section II (citing *Andrews Kurth Kenyon LLP 1350 I St., NW, Suite 1100 Wash.,*

---

[4] In the May 3, 2024 letter, PwC expressly "reserve[d] the right to amend, modify, or supplement this letter, including by asserting objections to the Subpoena, though it is not required to do so." PwC continues to reserve those rights.

*DC 2005 Non-Party Movant PHIGENIX, Inc. v. Genentech, Inc. (In re Subpoena to Ping Wang)*, 214 F. Supp. 3d 91 (D.D.C. 2016)).

Under Rule 45, "[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1) (providing that the court "must enforce this duty and impose an appropriate sanction . . . on a party or attorney who fails to comply"). If a court determines that a subpoena imposes an undue burden or "requires disclosure of privileged or other protected matter," on a timely motion by the subpoenaed party, the court is required to quash or modify that subpoena. Fed. R. Civ. P. 45(d)(3)(A).

In determining whether a subpoena imposes an undue burden, courts consider "the expense and inconvenience imposed by the subpoena." *Brennan v. Mylan Inc.*, No. 6:22-mc-06015, 2023 U.S. Dist. LEXIS 40809, at *3 (W.D.N.Y. Mar. 10, 2023). And "where, as here, discovery is sought from a non party, the Court should be particularly sensitive to weighing the probative value of the information sought against the burden of production on the non party." *Fears v. Wilhelmina Model Agency, Inc.*, 2004 U.S. Dist. LEXIS 5575, at *2 (S.D.N.Y. Mar. 29, 2004). Because the Subpoena imposes an undue burden on PwC, Rule 45 requires that this Court quash or modify the Subpoena.

A.    **PwC's Motion to Quash is Timely.**

PwC brings this motion in a timely manner. *See* Fed. R. Civ. P. 45(d)(3)(A) (providing that "[o]n timely motion, the court for the district where compliance is required must quash or modify a subpoena" that, among other things, "subjects a person to undue burden"). As an initial matter, because PwC moves to quash a deposition subpoena – rather than a subpoena for documents – the Federal Rules of Civil Procedure do not impose any requirement regarding the timing of a motion to quash. *See, e.g., Hillary v. Potsdam*, No. 8:17-CV-659 (GLS/DJS), 2020

8

U.S. Dist. LEXIS 231792, at \*12 (N.D.N.Y. Nov. 2, 2020) ("[T]he Federal Rules themselves do not set forth a specific time period for a motion to quash a deposition subpoena, as opposed to a demand for production of documents.").

PwC's motion would nevertheless be considered "timely" under Rule 45 because counsel for Lead Plaintiff acknowledged that April 16, 2024 – the deposition date listed on the Subpoena – was a "place holder" and proposed that the deposition take place "the week of June 24, 2024," which is approximately six weeks from the date of this motion. *See id.* (finding a motion to quash timely where it was filed after the date initially selected for the deposition because "that date had been adjourned upon the consent of all counsel"); *see also In re DMCA Section 512(h) Subpoena to YouTube (Google, Inc.)*, 581 F. Supp. 3d 509, 516-17 (S.D.N.Y. 2022) (finding good cause to consider motion to quash document subpoena filed after date for compliance where the entity that issued the subpoena "failed to aggressively pursue the subpoena's enforcement" and did not claim any prejudice). Therefore, if the Court determines that compliance with the Subpoena would impose an undue burden on PwC (which it should, as described below), Rule 45 dictates that the Court *must* quash or modify the Subpoena. *See* Fed. R. Civ. P. 45(d)(3)(A).

**B.    The Court Should Quash or Modify the Subpoena Because it Requires Disclosure of Privileged Matter and Imposes an Undue Burden on Non-Party PwC.**

Compliance with the Subpoena would require PwC to sit for a deposition regardless of whether the Middle District of Florida has ruled on the multiple pending privilege and work product disputes. That would be problematic for at least two reasons.

First, the Subpoena seeks deposition testimony from PwC on various topics over which Redwire has asserted attorney-client privilege and/or work product protection. That alone is grounds for the Court to quash or modify the Subpoena. *See* Fed. R. Civ. P. 45(d)(3)(A)(iii)

9

(providing that the court "must quash or modify a subpoena that . . . requires disclosure of privileged or other protected matter").

Second, the Subpoena presents an undue burden because Lead Plaintiff would likely seek to depose PwC a second time after the court resolves the pending privilege disputes. Because the parties have not received a ruling on the Work Product Motion, the Privilege Log Motion, or the Documents Motion, questions from counsel for Lead Plaintiff touching on any of the topics raised in those motions would invariably be met with objections by counsel for Redwire, the holder of the applicable privilege and work product protection.[5] There would likely be an objection at almost every turn, given that Redwire asserted privilege objections to *13 of the 16 topics in the deposition Subpoena*. And Redwire had a good basis to assert these privilege objections. *See, e.g., United States v. Deloitte LLP*, 610 F.3d 129, 140 (D.C. Cir. 2010) (holding that documents disclosed to Deloitte by audit client did not waive work product protection); *Breuder v. Bd. of Trs. of Cmty. Coll. Dist. No. 502*, No. 15 CV 9323, 2021 U.S. Dist. LEXIS 179680, at *25-26 (N.D. Ill. Sep. 21, 2021) (holding that disclosure of work product protected materials to an auditor did not result in a waiver of that protection); *Merrill Lynch & Co. v. Allegheny Energy, Inc.*, 229 F.R.D. 441, 449 (S.D.N.Y. 2004) ("Merrill Lynch and Deloitte & Touche were not adversaries contemplated by the work product doctrine and there was no waiver."); *Gutter v. E.I. DuPont de Nemours & Co.*,

---

[5] Counsel for Lead Plaintiff told the court that he did not need a ruling on the Work Product Motion anytime soon because he would not put the PwC Memorandum in front of a deponent. *See supra*, at 4 n.3. However, the topics in the Subpoena cover the content of the PwC Memorandum so counsel for PwC would need to use the PwC Memorandum – which is still subject to a work product claim – to prepare PwC's 30(b)(6) deponent. There is no way to sidestep the PwC Memorandum and the contents thereof while deposing PwC on topics that are covered by that memorandum. Moreover, depending on the outcome of the pending motions in Florida, Lead Plaintiff's counsel presumably would want to use the PwC Memorandum during the deposition of PwC – all the more reason to defer the PwC deposition until after the parties' privilege disputes are resolved.

10

No. 95-2152-CIV-GOLD, 1998 U.S. Dist. LEXIS 23207, at *13-14 (S.D. Fla. May 15, 1998) ("Transmittal of documents to a company's outside auditors does not waive the work product privilege because such a disclosure cannot be said to have posed a substantial danger at the time that the document would be disclosed to plaintiffs.").

Following the Middle District of Florida's resolution of the contested privilege motions and issues, Lead Plaintiff would likely seek to re-depose non-party PwC based on the newly defined contours of the attorney-client privilege and attorney work product. Requiring PwC to sit for multiple depositions under those circumstances would impose an undue burden on PwC. The Court should not allow Lead Plaintiff to unduly burden PwC, a non-party to the Class Action, in that way. *See Bernstein v. Cengage Learning, Inc.*, No. 19-cv-7541-ALC-SLC, 2022 U.S. Dist. LEXIS 242989, at *2 (S.D.N.Y. Sep. 8, 2022) ("Because the justification for imposing the burdens of discovery on a stranger to a dispute is weaker than it is for litigants, courts 'must quash or modify' subpoenas that 'subject[] a [third party] to undue burden.'") (quoting Rule 45).

Postponing the PwC deposition until after resolution of the pending privilege and work product disputes would not prejudice Lead Plaintiff. There is ample time for the Middle District of Florida to resolve these issues and for the PwC deposition to occur prior to the discovery deadline in that case: August 5, 2024. Postponing the PwC deposition, in fact, would benefit Lead Plaintiff. As PwC's counsel explained in their May 3, 2024 letter to counsel for Lead Plaintiff, "[a]waiting resolution of the work product dispute would also enable PwC to supplement its document production, if and as warranted by the court's orders, and potentially provide you with additional documents to use in connection with the deposition of PwC." Wood Decl. ¶ 8, <u>Exhibit E</u>. Because PwC has established that compliance with the Subpoena would impose an undue burden, Rule 45 mandates that this Court quash or modify the Subpoena. *See MG Freesites LTD*

*v. Scorpcast, LLC*, 2023 U.S. Dist. LEXIS 61854, at *3 (S.D.N.Y. Apr. 7, 2023) ("Under Rule 45, the Court is required to quash or modify a subpoena that subjects the recipient to an undue burden or requires the disclosure of privileged information.").

II.    **The Court Should Enter a Protective Order Postponing Any Deposition of PwC Until the Pending Privilege and Work Product Disputes Are Resolved.**

For the reasons set forth above, it would be premature, inefficient, and unduly burdensome for non-party PwC to sit for a deposition by Lead Plaintiff until the Middle District of Florida resolves the privilege and work product disputes that are currently pending.  Based on the Subpoena, such a deposition would involve PwC being questioned primarily on matters over which Redwire has asserted colorable claims of attorney-client privilege and work product protection. This Court, in addition to quashing or modifying the Subpoena, should enter a protective order requiring that Lead Plaintiff not seek to depose PwC prior to the resolution of the pending privilege and work product disputes.

Rule 26 provides that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" associated with a discovery request.  Fed. R. Civ. P. 26(c)(1).  Lead Plaintiff's deposition of non-party PwC on various topics that are currently the subject of unresolved privilege and work product disputes would be oppressive and, considering the likelihood of a second deposition after those disputes are resolved, would place an undue burden and expense on non-party PwC.[6]  The Court should enter a protective order postponing the PwC deposition until after resolution of these privilege and work product issues.

_____

[6] If the deposition of PwC were to proceed before resolution of the pending privilege disputes, Redwire's counsel would be understandably active in making objections to avoid assertions by Lead Plaintiff that Redwire has waived privilege or work product protection.

12

The U.S. District Court for the District of Columbia entered a protective order postponing a deposition under very similar circumstances to avoid undue burden on a non-party. *Andrews Kurth Kenyon LLP 1350 I St., NW, Suite 1100 Wash., DC 2005 Non-Party Movant PHIGENIX, Inc. v. Genentech, Inc. (In re Subpoena to Ping Wang)*, 214 F. Supp. 3d 91, 95 (D.D.C. 2016). The defendant in *Ping Wang*, a case that was part of a broader patent dispute, served a deposition subpoena on the plaintiff's patent prosecution counsel, a non-party to that case. In a related California litigation, a discovery dispute had arisen regarding a potential privilege waiver. The plaintiff in *Ping Wang* argued that if the deposition of its patent prosecution attorney were allowed to proceed before that California privilege dispute was resolved, the defendant would foreseeably seek a second deposition of the same individual after resolution of that privilege dispute and the plaintiff therefore requested that the deposition be postponed until after the privilege dispute was resolved.

The court agreed to postpone the deposition. *Id.* at 96. At the outset, the court acknowledged that to delay the deposition would be a very narrow modification of the subpoena and would yield multiple benefits. *See id.* ("Petitioners' request to delay Dr. Wang's deposition until after the California court has resolved the privilege-waiver issue seeks the narrowest of modifications to the subpoena and effectively guards against the dual risks of seeking disclosure of protected materials and subjecting Dr. Wang to the undue burden of a second deposition."). The court rejected the defendant's argument that a second deposition would not impose a genuine hardship while noting the "well-established protection for witnesses against multiple depositions." *Id.*

Like in *Ping Wang*, Lead Plaintiff's Subpoena threatens to impose on PwC the undue burden of facing multiple depositions – one before the Middle District of Florida rules on the

pending privilege and work product disputes, and another one afterwards. Particularly considering PwC's status as a non-party to the Class Action, this Court should find good cause to enter a protective order postponing the deposition until after resolution of the privilege and work product disputes. *See Fears*, 2004 U.S. Dist. LEXIS 5575, at *2 (noting that where "discovery is sought from a non party, the Court should be particularly sensitive to weighing the probative value of the information sought against the burden of production on the non party"). Postponing the deposition of PwC would prevent "the dual risks of seeking disclosure of protected materials and subjecting [the non-party deponent] to the undue burden of a second deposition." *See In re Subpoena to Ping Wang*, 214 F. Supp. 3d at 95-96.

## CONCLUSION

For the foregoing reasons, PwC respectfully requests that the Court grant PwC's motion to quash and for a protective order regarding the Subpoena.

Dated: May 17, 2024

Respectfully submitted,

Non-Party PricewaterhouseCoopers LLP
By its attorneys,

Lisa C. Wood
FOLEY HOAG LLP
1301 Avenue of the Americas, 25th Floor
New York, NY 10019
Tel: 646-927-5500
Fax: 646-927-5599
lwood@foleyhoag.com

*Attorneys for Non-Party PricewaterhouseCoopers LLP*